**RECEIVED**

JUN 2 9 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

**CV05-1158 M**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. |
| Plaintiff | DIVISION JUDGE JAMES |
| v. | JUDGE |
| | MAGISTRATE JUDGE HAYES |
| THE UNIVERSITY OF LOUISIANA AT MONROE | MAG. NO. |
| Defendant | MAG. |

## COMPLAINT AND JURY DEMAND

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief to Van McGraw ("McGraw"), who was injured by such practices. As is set forth in more detail below, the Defendant herein unlawfully rejected McGraw for employment on numerous occasions in retaliation for having engaged in activity protected by the ADEA.

- 1 -

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391. The employment practices alleged to be unlawful were committed within the jurisdiction of this Court.

## PARTIES

3.

Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.

At all relevant times, Defendant, the University of Louisiana at Monroe ("ULM," "Defendant," or the "University"), has continuously been an instrumentality of the State of Louisiana.  ULM was previously named Northeast Louisiana University  ("NLU").

5.

At all relevant times, Defendant has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

6.

More than thirty (30) days prior to the institution of this lawsuit, McGraw filed a charge with the Commission alleging violations of the ADEA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## CONCILIATION

7.

Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

8.

a.      Since at least October of 2002, Defendant has engaged in unlawful practices in Monroe, Louisiana, by continuously rejecting McGraw for employment in various positions for which he applied and/or expressed interest.

- 3 -

b.  Defendant unlawfully rejected McGraw, on multiple occasions, for employment in the position of Associate Dean in the College of Business Administration, in retaliation for engaging in activity protected under the ADEA (including suing Defendant for age discrimination), and/or because of McGraw's age.

c.  Defendant unlawfully rejected McGraw for employment in a faculty position in the Department of Management and Marketing in retaliation for having engaged in activity protected under the ADEA, and/or because of his age.

d.  At all times relevant, McGraw was over forty years of age.

e.  Kenneth Clow, the Dean of Defendant's College of Business Administration, informed David Loudon, Head of Defendant's Department of Management and Marketing, that the Provost and Vice President of Academic Affairs, Stephen Richters, stated that Defendant would not hire McGraw "because of the lawsuit."

9.

The actions by Defendant complained of herein violated Section 4 of the ADEA, 29 U.S.C. § 623(d).

10.

The effect of the practices complained of herein has been to deprive McGraw of equal employment opportunities by denying him employment because of having engaged in activity protected by the ADEA and/or because of his age.

- 4 -

### 11.

As a result of Defendants' actions complained of herein, McGraw has sustained injuries.

### 12.

The unlawful actions of Defendants complained of herein were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from discriminating in the ways described herein against retired employees, and from engaging in any other employment practice which discriminates on the basis of age against persons forty years of age or older.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals of forty or more years of age, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendants to make whole McGraw by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, front pay in amounts to be determined at trial, and other affirmative relief necessary to

eradicate the effects of its unlawful employment practices, including but not limited to placement of McGraw into an position of his choice.

D.     Order Defendant to make whole McGraw by paying liquidated damages in an amount equal to back wages, plus prejudgment interest;

E.     Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest; and

F.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

**ERIC S. DREIBAND**
General Counsel
No Bar Roll Number Assigned
**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

**KEITH T. HILL**
Regional Attorney
Bar Roll No. 15200000

- 6 -

**MICHELLE T. BUTLER**
Supervisory Trial Attorney
Bar Roll No. 1286

**GREGORY T. JUGE (T.A.)**
Senior Trial Attorney
La. Bar Roll No. 20890
**U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
New Orleans District Office
701 Loyola Avenue
Suite 600
New Orleans, LA  70113
Tel:    (504) 589-3844 (Hill)
         (504) 589-6942 (Butler)
         (504) 589-2663 (Juge)
Fax:   (504) 589-2805
**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

AGENT FOR SERVICE OF PROCESS:

Dr. James E. Cofer, Sr.
ULM President
University of Louisiana at Monroe
Monroe, LA 71209-2000



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**New Orleans District Office**

701 Loyola Avenue, Suite 600
New Orleans, LA 70113-9936

TTY (504) 589-2958
FAX (504) 589-6861

**RECEIVED**

**JUN 2 9 2005**

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

June 28, 2005

Honorable Robert H. Shemwell
Clerk of Court
Western District of Louisiana
300 Fannin Street, Suite 1167
Shreveport, Louisiana 71101-3803

Re:    EEOC v. The University of Louisiana at Monroe

Dear Mr. Shemwell:

Enclosed with this letter you will find an Original and (5) copies of the Complaint along with a Civil
Cover Sheet and Financial & Civil Allotment Sheet.

It is requested that when you time stamp the extra copies I have provided and return to me in the
enclosed self-addressed envelope.

Thanking you in advance for your cooperation in this matter.

Sincerely,

Keith T. Hill
Regional Attorney

Ella M.. Rivers
Paralegal Specialist

Enclosures
KTH/EMR/EMR#p:ULM complaint package
6/28/05