# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | * | **CIVIL ACTION NO. 05-1158** |
| | * | **JUDGE JAMES** |
| **VERSUS** | | |
| | * | **MAGISTRATE JUDGE HAYES** |
| **UNIVERSITY OF LOUISIANA AT MONROE** | | |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss (Doc. # 4) filed by Defendant, University of Louisiana at Monroe ("ULM"), seeking dismissal pursuant to F.R.C.P. Rule 12(b)(6). Plaintiff, Equal Employment Opportunity Commission ("EEOC"), opposes the motion. For reasons stated below, it is recommended that the Motion to Dismiss be **GRANTED.**

## STATEMENT OF FACTS

The EEOC has filed suit against ULM for employment discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA") on behalf of Van McGraw ("McGraw"). Defendant has filed this motion seeking dismissal of all claims against ULM arguing that ULM lacks the capacity to be sued because it is not a juridical person. ULM argues that the Board of Trustees for State Colleges and Universities ("the Board") is the proper party under La. R.S. 17:3351. The EEOC states that it intends to amend its complaint to name the Board as a defendant, but argues that La. R.S. 17:3351 does not preclude ULM from also being sued. The EEOC also argues that ULM must be a proper party because it did not seek dismissal on those grounds from a previously-filed suit involving Mr. McGraw.[1]

---

[1] *See EEOC v. Northeast Louisiana University and the Board of Trustees of the Louisiana University System*, W.D. La. 98-0010.

1

## LAW AND ANALYSIS

In assessing the merits of a motion to dismiss under F.R.C.P. 12(b)(6), the court must assume that all factual allegations set forth in the complaint are true, and must construe these facts in the light most favorable to the plaintiff. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276 (1991). "Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981), *cert. granted, Weyerhaeuser Co. v. Lyman Lamb Co.*, 456 U.S. 971, 102 S.Ct. 2232 (1982), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100 (1983). "While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist." *Richards v. City of Weatherford*, 145 F.Supp.2d 786, 789 (N.D. Tex.) *aff'd*, 275 F.3d 46 (5th Cir. 2001), citing *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990). If a complaint lacks an allegation regarding an essential element to obtain relief, dismissal should be granted. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Moreover, "conclusory allegations and unwarranted deductions of fact are not admitted as true" for purposes of a motion to dismiss and will not suffice to prevent a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F2d. 278, 281 (5th Cir. 1992), quoting *Associated Builders' Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997).

The underlying statutory authority for the University of Louisiana system states, in pertinent part, that "The University of Louisiana system is composed of the institutions under the supervision and management of the Board of Trustees for State Colleges and Universities as

follows ... (5) Northeast Louisiana University at Monroe."[2]  La. R.S. 17:3217.  The Board of Trustees has the power to "sue and be sued."  La. R.S. 17:3351(A)(2).  The EEOC argues that La. R.S. 17:3351 does not state that the Board of Trustees has the exclusive capacity to be sued.  The EEOC argues that Section 3351 does not state that the University cannot be sued in addition to the Board of Trustees.  The EEOC further argues that ULM must have the capacity to be sued because it defended itself in the previous case before this Court and did not seek dismissal as an improper defendant.

A review of the record and the law shows that there is simply no evidence that ULM has the capacity to sue or be sued.  More importantly, the Fifth Circuit has specifically ruled that "the Board has the right to sue and be sued in its own name, ... the University does not." *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 148 (5th Cir. 1991).   This Court is bound to follow the Fifth Circuit's ruling; therefore, ULM is not a juridical person and is not a proper defendant.

The EEOC has indicated that it intends to file a Motion to Amend its complaint to name the Board as a defendant; therefore, it is recommended that the EEOC be given the opportunity to amend its complaint prior to the dismissal of ULM.  It should be noted that the EEOC has expressed concern that although the Board has consented to be named as a defendant, it has not stipulated that it is legally responsible for unlawful actions by ULM or that it would satisfy any judgment in connection with ULM's alleged wrongdoing.  However, it appears clear that since ULM is not a juridical person, and since its actions and authority are governed by the Board, the Board would be responsible for any actions taken by ULM.

---

[2]The University of Louisiana at Monroe was previously known as Northeast Louisiana University at Monroe.

**For the reasons stated above, it is recommended that the Defendant's Motion be GRANTED and the University of Louisiana at Monroe be dismissed with prejudice after allowing Plaintiff the opportunity to amend its complaint to name the Board of Trustees as the proper party defendant.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 17th day of March, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE