UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION NO. 05-1158 |
| VERSUS | JUDGE ROBERT G. JAMES |
| THE UNIVERSITY OF LOUISIANA AT MONROE | MAG. JUDGE KAREN L. HAYES |

RULING

This is an age discrimination and retaliation case brought by Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623(a) &(d), 626(b), against Defendant the Board of Supervisors for the University of Louisiana System ("the Board"). The EEOC raises allegations of discrimination and retaliation against Van McGraw, a former professor at the University of Louisiana at Monroe.

Pending before the Court are a Motion for Partial Summary Judgment [Doc. No. 38] and a Motion for Specification of Facts [Doc. No. 32] filed by the EEOC, and a Motion to Dismiss and Motion for Summary Judgment [Doc. No. 33] filed by the Board. In their cross-motions for summary judgment, the parties seek summary judgment on the retaliation claim only.

On November 2, 2007, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 57] recommending that the Court deny all dispositive motions and grant in part and deny in part the EEOC's Motion for Specification of Facts. Additionally, Magistrate Judge Hayes recommended that, because "[t]he parties only tangentially addressed the EEOC's ADEA discrimination claim," they could more specifically raise and address that claim

"via separate motion."

The Court agrees with and ADOPTS Magistrate Judge Hayes' analysis on the EEOC's Motion for Partial Summary Judgment and the Board's Motion to Dismiss and Motion for Summary Judgment. The Court also agrees with Judge Hayes' recommendation as to additional briefing on the ADEA discrimination claim. The Court will issue a separate scheduling order.

For the following reasons, the Court DECLINES TO ADOPT IN PART Magistrate Judge Hayes' Report and Recommendation as to the EEOC's Motion for Specification of Particular Facts. The EEOC moved the Court to set forth 148 facts that no reasonable jury could avoid finding under Federal Rule of Civil Procedure 56(d). After reviewing the facts and the Board's response, Magistrate Judge Hayes recommended that the Court grant this motion in part because the Board admitted Fact Nos.1, 2, 3, 4, 5, 8, 18, 19, 20, 21, 22, 23, 25, 27, 28, 29, 30, 31, 33, 34, 36, 37, 38, 39, 43, 44, 46, 47, 55, 57, 71, 79, 88, 91, 92, 97, 102, 103, 104, 118, 119, 126, 129, 130, 131, 133, 145, 146. Although the Board also admitted Fact Nos. 82, 84, 85, 86, and 108, she recommended that the Court deny the motion as to these facts because they are duplicative. Magistrate Judge Hayes found the remaining facts proposed by the EEOC to be taken out of context or potentially misleading or confusing and recommended that the Court deny the motion as to these facts.

In its Objections to Magistrate's Report and Recommendations [Doc. No. 58], the Board contends that it did not admit the truth of all the statements, but merely the fact that they were true and correct extracts from an authenticated document or an affiant in a sworn deposition. For example, the Board explains that it may have admitted as true that an individual stated "there was an application." By its admission, the Board means only that it is true that the individual made this statement in a deposition, not that there was, in fact, an application made.

In its "Rule 56.2 Statement in Contesting of Facts for the EEOC Summary Judgment" [Doc. No. 46], the Board stated as follows:

> As to the EEOC listed 148 purported facts, Defendant has responded by groups.
>
> I.   The 'Fact' as stated is true, exists in authenticated documents or Court record or under oath by the affiant or source.
>
> Nos. 1, 2, 3, 4, 5, 8, 18, 19, 20, 21, 22, 23, 25, 27, 28, 29, 30, 31, 33, 34, 36, 37, 38, 39, 43, 44, 46, 47, 55, 57, 71, 79, 82, 84, 85, 86, 88, 91, 92, 97, 102, 103, 104, 108, 118, 119, 126, 129, 130, 131, 133, 145, 146

Reasonably, Magistrate Judge Hayes interpreted the Board's statement to mean that each "fact" in this group was admitted as true **and** located in certain admissible documents. The Board now explains that it apparently meant to say that each "fact" in this group was **either** admitted as true **or** the "fact" (i.e., the statement cited) exists in an authenticated document or Court record or was made under oath by the affiant or source.

After reviewing the EEOC's purported facts in light of the Board's clarification, the Court finds that only Fact Nos. 1, 2, 3, 4, and 5 are deemed admitted. The EEOC's Motion for Specification of Particular Facts is GRANTED IN PART as to these facts, but otherwise DENIED. The parties are urged, however, to enter into any stipulations which may narrow the issues for trial and avoid any unnecessary imposition on the jury's time.

MONROE, LOUISIANA, this 25th day of February, 2008.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE