RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 4/19/10
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | * * * | CIVIL ACTION NO. 05-1158M |
| Plaintiff | * * | |
| v. | * * | JUDGE ROBERT JAMES |
| THE UNIVERSITY OF LOUISIANA AT MONROE | * * * | MAG. JUDGE KAREN HAYES |
| Defendant | * * * | |

## CONSENT DECREE

**WHEREAS**, the United States Equal Employment Opportunity Commission ("the Commission" or "EEOC") has instituted the captioned civil action in this the United States District Court for the Western District of Louisiana, charging the Board of Supervisors of the University of Louisiana System ("Board"), and the University of Louisiana at Monroe ("ULM"), collectively referred to herein as "Defendant," with violations of the Age Discrimination in Employment Act of 1967 ("ADEA" or the "statute"), and alleging that Defendant discriminated against Van McGraw ("McGraw" or "Charging Party") based on his age and in retaliation for engaging in activity protected by the statute;

**WHEREAS**, Defendant has not admitted that it has engaged in any unlawful employment practices; and

- 1 -

...
...
...

**WHEREAS**, this Court has jurisdiction over the subject matter of this action and over the parties to this action; and

**WHEREAS**, Defendant and the Commission (the "Parties") have agreed to settle this matter for the relief specified in this Consent Decree (sometimes referred to hereinafter as the "Decree"); and

**WHEREAS**, the Parties now wish to resolve all claims and controversies encompassed by this lawsuit without the burden, expense or delay of further litigation;

Therefore, it is **ORDERED, ADJUDGED, AND DECREED** that:

1. The negotiation, execution, and entry of this Consent Decree will resolve any and all claims of ADEA violations brought by the Commission against Defendant alleged in the instant civil action.

2. The purposes of the ADEA will be furthered by the entry of this Decree, the terms of which constitute a fair and equitable settlement.

3. Neither the negotiation, nor the execution, nor the entry of this Consent Decree shall constitute (a) an acknowledgment or admission of any kind by Defendant that its officers, agents or employees have violated or have not been in compliance with the ADEA or any other applicable law, regulation or order, or (b) evidence of discrimination in these proceedings.

4. This Consent Decree relates only to the violations alleged in EEOC Charge Number 270-2004-01083, and the instant civil action. EEOC reserves all rights to proceed with respect to matters not covered in this Consent Decree and to secure relief on behalf of aggrieved persons not covered by the terms of this Consent Decree.

5. **SETTLEMENT PAYMENT.**

a. Within fourteen (14) days of the entry of this Consent Decree by the Court, Defendant shall pay to McGraw the gross amount of **$450,000.00** (four hundred fifty thousand dollars) ("Settlement Payment"). The Settlement Payment shall be remitted in the form of one or more <u>certified</u> checks. Defendant shall remit the Settlement Payment check(s), payable to Van C. McGraw, by certified mail or trackable express delivery, such as FedEx, UPS, or DHL, at the following address: **131 Northfield Road, Eros, LA 71238**. Defendant may condition payment to McGraw on his executing a separate release agreement. Notwithstanding the aforementioned 14-day period within which Defendant is required to deliver the Settlement Payment to McGraw, if Defendant has not received a release executed by McGraw within 14 days of the entry of this Decree, as a result of delays on McGraw's part, then Defendant shall not be required to deliver the Settlement Payment until McGraw has provided the executed release to Defendant

b. Within **ten (10) days** of delivering the Settlement Payment check(s), Defendant shall deliver to counsel for the EEOC, at the addresses set forth herein for delivery of reports, (i) a copy of the check(s) remitted, (ii) a copy of any other documentation delivered with the check(s), and (iii) tracking information for the delivery.

6. **TAX OBLIGATIONS.**

Defendant and McGraw shall respectively be responsible for complying with their own reporting and tax obligations associated with this settlement.

7. **NON-DISCRIMINATION AND REPORTS.**

a. **NON-DISCRIMINATION.** Defendant, its directors, officers, agents, employees, successors, and assigns shall not engage in or permit discrimination in the workplace against any applicant for employment or employee based upon such person's age, or in retaliation for engaging in activity protected by the Statute. Defendant shall not retaliate in any way against any person who has participated in any manner in the investigations of this matter by the Commission or by Defendant, respectively.

b. **REPORTING - COMPLAINTS.** Defendant shall provide the Commission with **ten (10) semi-annual reports**, the first due on the date falling **six (6) months after the entry of this Decree by the Court**, and the following nine (9) reports due in **six month intervals thereafter**. These ten reports shall set forth the following, in regard to (1) all complaints of <u>age discrimination</u>, of which Defendant becomes aware, asserted during the Compliance Period of this Decree (as defined hereinbelow) against ULM, and (2) any complaints of <u>retaliation</u> for activity protected by the ADEA, made during the Compliance Period of this Decree, of which Defendant becomes aware, at or in respect to ULM, during the preceding six months:

    i. the name of the complainant and, if different, the name of the alleged victim;

    ii. the nature and perpetrator of the conduct complained of;

    iii. an explanation of the investigation and the outcome of the complaints. [Defendant shall provide the Commission, within 30

        (thirty) days of a written request, copies of underlying documentation pertaining to the complaints, and their disposition, as may be necessary to determine compliance with this Decree];

iv.    Within 30 (thirty) days of a written request by the Commission, contact information for all persons who are subjects of the investigation of complaints (*e.g.*, witnesses and victims), including name, last known addresses, email addresses, and phone numbers, as may be necessary to determine compliance with this Decree.

v.    For purposes of this Decree, "complaint" shall be construed liberally so as to comport with the remedial purposes of the ADEA. A complaint may be internal or external, may be formal or informal, and may be made orally or in writing. No talismanic phrase, such as use of the word "complaint," is necessary to invoke the reporting requirements hereunder. Defendant shall report any complaint described herein, even if it asserts bases in addition to age discrimination or retaliation, so long as either age discrimination or retaliation is asserted.

c.    **REPORTING - HIRING ACTIVITY.** The aforementioned ten semi-annual reports required under this Decree shall, as to all applicants who seek, during the Compliance Period of this Decree, faculty or administrative positions in ULM's <u>College of Business Administration</u>, set forth the name, age, position sought, and protected-activity status (*i.e.*,

whether, to Defendant's knowledge, the applicant has ever engaged in activity protected by the ADEA, such as asserting a claim of discrimination, opposing an unlawful practice, participating in a discrimination investigation, or any other form of protected activity), indicating as to each whether the applicant was hired or not and, if not, the reasons for the applicant's not being hired. The reports shall group the applicants based on the position(s) for which they were considered, and shall indicate the date of rejection / offer of employment, so as to reflect the successful and unsuccessful candidates for each position.

d. **REPORT RECIPIENTS.** Defendant shall send all reports, certifications, and copies required under this Decree to the EEOC to the following address: **Gregory T. Juge**, Senior Trial Attorney, U.S. EEOC, New Orleans Field Office, 1555 Poydras Street, Suite 1900, New Orleans, Louisiana, 70112, **with a copy to Jim Sacher**, Regional Attorney, U.S. EEOC, Houston District Office, Mickey Leland Federal Building, 1919 Smith Street, Houston, Texas 77002-8049. The envelope in which required reports, certifications, or copies are sent shall include a mark to the material effect of: "**RE: ULM CONSENT DECREE COMPLIANCE.**" At the Commission's option, the reports, certifications, or copies may be sent as email attachments to the recipients' designated email addresses.

    e.    **CERTIFICATION.** All reports and certifications required hereunder shall include a signed and dated statement, by a person authorized to act on behalf of Defendant, declaring that the contents of said report or certification are true and correct, to the best of his or her knowledge and belief, under penalty of perjury.

**8.    TRAINING.**

    a.    Defendant shall require all of the human resources, supervisory, and managerial personnel of ULM, including but not limited to the university president, the university provost, all college deans, and the human resources director, to attend, at least **once per annum** during the Compliance Period of this Decree, an in-person training of at least **two (2) hours' duration**, conducted by qualified employment counsel, concerning the provisions of, and Defendant's obligations under, the ADEA, in respect to age discrimination and unlawful retaliation. This training shall be accompanied by substantial written materials for the attendees concerning the topics covered in the training. The first training required hereunder shall be complete by or before December 31, 2010.

    b.    Defendant shall provide counsel for the EEOC a certification that the required training has been completed, accompanied by a copy of the training materials referred to herein, within **30 (thirty) days** of completion, in respect to the annual training requirements during each of the five (5) years of the Compliance Period. The certification shall be accompanied by a list of the persons trained in compliance with the Decree.

9. **DURATION: COMPLIANCE AND ENFORCEMENT.**

a. In the event that Defendant fails to perform its obligations herein, Plaintiff EEOC is empowered to enforce this Consent Decree through applicable judicial enforcement procedures and to seek sanctions which may be due as a result of the need to enforce this Decree.

b. The five (5) years following the Court's execution and entry of this Decree shall constitute the "**Compliance Period.**"

c. The Commission shall have six (6) months from the end of the Compliance Period to commence enforcement actions relative to any violation hereof by Defendant. Said six-month period shall constitute the "**Enforcement Period.**"

10. **ISSUANCE OF NEW HIRING POLICY CONCERNING RETIREES.**

The Board shall, within **60 (sixty) days** of the entry of this Decree, issue and disseminate to all of its universities, a policy stating that all universities must consider applicants for employment without regard to retirement status and without regard to an applicant's having previously accused the Board or any of its universities of unlawful discrimination. Notwithstanding the foregoing, Defendant may consider retirement status in the hiring process, if, and only to the extent, it is required to do so by Federal or Louisiana state law. In the event Defendant, during the Enforcement Period of this Decree, refuses to hire, or delays the hiring of, any person on the basis, in whole or in part, of retirement status, based on compliance with Federal or Louisiana state law, Defendant shall notify the EEOC, in writing via the officials designated herein as report recipients, of each such instance within 30 (thirty) days thereof, and shall provide sufficient information concerning the situation to permit the EEOC to evaluate the validity of Defendant's action. In the event the EEOC challenges the refusal to hire, or delayed hiring, of a person on the

basis, in whole or in part, of retirement status, it shall be Defendant's burden to demonstrate to the Court (1) that said action was required by Federal or Louisiana state law, (2) that said state law does not conflict with the ADEA, and (3) that said action does not violate this Decree.

11. **ANTI-RETALIATION POLICY.**

    a. **Issuance of policy.** The Board shall, within **60 (sixty) days** of the entry of this Decree, issue, and disseminate to all of its universities, a separate, detailed written policy concerning unlawful retaliation based on activity protected by the ADEA or other any of the laws enforced by the EEOC. The policy shall include detailed discussion of the kinds of activity which are federally protected, the kinds of retaliatory action in response thereto which are illegal, the means for employees and applicants to complain of retaliation, the manner in which Defendant will investigate such complaints, and the consequences which will flow if Defendant determines that retaliation took place. The policy shall make clear that persons who complain of unlawful discrimination may not be retaliated against. The policy shall not contain any provision stating that any person may be subject to adverse action for making a false complaint of discrimination, in light of the unduly chilling effect of such a provision. Defendant shall, within **30 (thirty) days** of the issuance of this policy, certify the issuance to the EEOC and provide a copy of the policy, at the addresses identified herein for submission of reports to the Commission.

    b. **Rescission of former policy.** The Board shall, within **30 (thirty) days** of the entry of this Decree, rescind and remove from all of its written policies

        any references to punishment or discipline of persons for making false claims of discrimination, and notify all of its universities of such rescission. Defendant shall, within **30 (thirty) days** of this rescission, certify it to the EEOC and provide a copy of the documentation issued to the universities advising of said rescission, at the addresses identified herein for submission of reports to the Commission.

c. Notwithstanding the foregoing, this Decree does not prohibit Defendant from disciplining any employee who knowingly makes a false claim of discrimination, made unlawful by any statute enforced by the EEOC, in bad faith, for purposes of harassment or abuse. In the event that, during the Enforcement Period of this Decree, Defendant disciplines any employee for knowingly making a false claim of such discrimination, in bad faith, Defendant shall notify the EEOC, in writing via the officials designated herein as report recipients, of each such instance within 30 (thirty) days, and shall at that time provide sufficient information to permit the EEOC to evaluate Defendant's actions. In the event the EEOC challenges such actions, on the basis that they appear to be retaliatory, in violation of this Decree, then Defendant shall bear the burden of establishing to the Court (1) that the discipline imposed was based on a reasonable and actual finding that the complaint of discrimination was knowingly false and made in bad faith, (2) that the discipline was not motivated by retaliation for the mere assertion of discrimination or other protected activity; and (3) that the discipline does not violate this Decree.

12. Should any provision of this Decree be declared, or be determined by any court to be, illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Decree.

13. This Decree sets forth the entire agreement between the Commission and Defendant as to the captioned lawsuit, and fully supersedes any and all prior agreements or understandings between the Commission and Defendant pertaining to the subject matter herein.

14. The Parties will bear their own attorneys fees and costs incurred in connection with the litigation of this case.

15. The Court shall retain jurisdiction of this action for purposes of enforcing this Decree, as appropriate, including but not limited to the duration of the Compliance Period, the Enforcement Period, and any period during which any enforcement actions under this Decree are pending.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, Monroe, Louisiana, this __19__ day of __April__, 2010.

_____
UNITED STATES DISTRICT JUDGE